UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re REFCO, INC.                                           :
                                                            :
------------------------------------------------------------x
                                                            :
CREDIT SUISSE SECURITIES (USA) LLC et al.,                  :
                                                            :
                                  Plaintiffs,               :
                                                            :     06 Civ. 1888 (GEL)
         -against-                                          :
                                                            :     **OPINION AND ORDER**
OFFICIAL COMMITTEE OF UNSECURED                             :
CREDITORS,                                                  :
                                                            :
                                  Defendants.               :
                                                            :
------------------------------------------------------------x

Robert B. McCaw, Philip D. Anker, Lori A. Martin,
John V.H. Pierce, and James H. Millar, Wilmer
Cutler Pickering Hale and Dorr LLP, New York,
New York, for Plaintiffs.

David S. Rosner and Christopher P. Johnson,
Kasowitz, Benson, Torres & Friedman LLP, New
York, New York, for Defendants.

GERARD E. LYNCH, District Judge:

  Plaintiffs in this action are a handful of the numerous defendants in In re Refco, Inc.

Securities Ligitation, 05 Civ. 8626, (the "Underwriter Defendants") a securities action under the

Private Securities Litigation Reform Act ("PSLRA") which is currently pending before this

Court. The Underwriter Defendants are also involved in In re Refco, Inc. et al., 05 BK 60006, a

bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New

York.

On March 2, 2006, the defendants in this action, the Official Committee of Unsecured Creditors (the "Committee") moved in the bankruptcy proceeding for an order pursuant to Fed. R. Bankr. P. 2004 permitting them to serve document requests on the Underwriter Defendants. The Underwriter Defendants now move this Court to withdraw the reference to the Bankruptcy Court with respect to the Committee's motion under Rule 2004, and to deny the motion. For the reasons stated below, the Underwriter Defendants' motion to withdraw the reference will be denied.

Section 157 of Title 28 of the United States Code provides that this Court "may withdraw, in whole or in part, any case or proceeding referred under this section . . . for cause shown." Additionally, § 157 states that this Court "shall . . . withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States . . . ." These two clauses create two different bases for withdrawal of a reference – permissive withdrawal when cause is shown, and mandatory withdrawal when the bankruptcy proceeding requires consideration of a non-bankruptcy federal law. The Underwriter Defendants argue only for permissive withdrawal in support of the instant motion.[1]

---

[1] In the section of their brief discussing the efficient use of judicial resources (one of the factors to be considered in connection with permissive withdrawal) the Underwriter Defendants note that mandatory withdrawal could provide an alternative ground in support of their motion. They argue that because the PSLRA mandates a stay in the securities action currently before this Court, the bankruptcy court will have to "consider" the PSLRA in deciding whether to permit discovery go forward under Rule 2004. The Underwriter Defendants do not explain how or why the bankruptcy court would be required to consider the PSLRA in connection with applying Rule 2004. In support of their argument they cite to In re Adelphia Communications Corp. Sec. Deriv. & Litig., 05 Civ. 9050, 2006 WL 337667, at *3 (S.D.N.Y. Feb. 10, 2006). In re Adelphia is completely inapposite, however, because while the Adelphia Court granted the movant's motion for withdrawal, the proceedings at issue were claims based on RICO and the Bank Holding Company Act, not bankruptcy-specific discovery procedures.

2

Section 157 does not define "cause" for purposes of determining when a motion for permissive withdrawal should be granted. However, in making that determination courts must consider the following factors:

> (1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors.

In re Burger Boys, Inc., 94 F.3d 755, 762 (2d Cir. 1996). The first factor – whether the matter to be withdrawn is a "core" bankruptcy matter – is of primary importance. Id. Section 157(b)(2) provides a list of sixteen proceedings that are considered core, but the list is explicitly non-exhaustive, and our Court of Appeals has instructed that "'core proceedings' should be given a broad interpretation." U.S. Lines, Inc. v. Am. S.S. Owners Mut. Prot. & Indem. Assoc., Inc., 197 F.3d 631, 637 (2d Cir. 1999). To that end, any proceeding that "has as its foundation . . . rights which would not exist independent of a bankruptcy environment" is properly considered core. In re Recoton Corp., 04 Civ. 2466, 2004 WL 1497570, at *4 (S.D.N.Y. July 1, 2004).

The proceeding here at issue here is the Committee's motion pursuant to Fed. R. Bankr. P. 2004. Rule 2004 permits the examination of "any entity," Fed. R. Bankr. P. 2004, so long as that examination relates "only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the bankruptcy estate." In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002). The purpose of Rule 2004 discovery is to enquire into the bankruptcy estate to "discover[] assets, examin[e] transactions, and determin[e] whether wrongdoing has occurred." Id.

3

The Committee's Rule 2004 motion is a core proceeding. Rule 2004 is a rule of *bankruptcy* procedure, and therefore the right to discovery under Rule 2004 does not exist "independent of a bankruptcy environment." In re Recoton Corp., 2004 WL 1497570, at *4. As Chief Bankruptcy Judge Drain explained, the Committee's Rule 2004 discovery "is of central importance to the bankruptcy case" (Hr'g Tr. 55, Mar. 23, 2006), and is "truly core in that it is essential . . . to the proper administration of [the bankruptcy case] to pursue the investigation that the [Committee] is pursuing" (id. 61). "This is a very large bankruptcy case" (id. 55), and the Committee has an obligation to "get to the bottom of the events that precipitated [it]," (id. 57). If, as a result of that investigation, the committee decides to bring certain claims against certain parties, then, indeed, *those claims* may be non-core. See, e.g., In re Adelphia Commc'ns Corp. Sec. Deriv. & Litig., 2006 WL 337667, at *3 (withdrawing reference with respect to claims brought under RICO and the Bank Holding Company Act). However, the investigation into the possible existence of those yet-to-be-determined claims is purely a bankruptcy matter, and is therefore properly categorized as core. See In re Recoton Corp., 2004 WL 1497570, at *4 ("The discovery sought by the Committee pursuant to Rule 2004 is properly characterized as a core proceeding.").

The Underwriter Defendants do not seriously dispute that the Committee's Rule 2004 motion is a core proceeding.[2] Instead, they argue that, notwithstanding the central importance of the core/non-core distinction, other Burger Boys factors favor withdrawal. Specifically, the Underwriter Defendants claim that withdrawal and denial of the Committee's motion would

---

[2] The Underwriter Defendants admit that the motion "might technically be considered" core. (Pl. Mem. 9.)

4

promote the efficient use of judicial resources and avoid unnecessary cost to the parties. To the extent the Underwriter Defendants argue that a denial of the Committee's motion promotes efficiency and minimizes costs, that argument is both correct and irrelevant. Denying the Committee's Rule 2004 motion would be, in some sense, more efficient than granting the motion – engaging in some discovery is more costly than engaging in no discovery. That is not, however, the sort of efficiency that is contemplated by the Burger Boys factors. Weighing the efficiency costs of various potential outcomes does not shed any light on the question of *which court* should decide what that outcome is.

With respect to question of who should decide, the Underwriter Defendants argue that having two judges making discovery determinations is inefficient and could lead to inconsistent results. Any inconsistencies, however, are due to the fact that the two judges would be applying different rules of discovery in different proceedings that serve different purposes. Accordingly, because two different sets of rules would need to be applied, little is gained by having one judge decide all discovery issues for both proceedings under both sets of rules. Rather, the more efficient outcome would be to allow the bankruptcy judge to apply the rules of bankruptcy discovery in the bankruptcy proceeding and to allow this Court to apply the rules of civil discovery in the civil proceeding. See In re Recoton Corp., 2004 WL 1497570, at *4 (stating that it would be inefficient to withdraw a bankruptcy motion from a bankruptcy judge so that it can be heard by a district judge who happens to be presiding over a related securities action).

During a conference in the PSLRA action and related actions pending before this Court, the Court expressed a desire for the coordination of discovery across all Refco-related actions. The Underwriter Defendants seize upon this comment, and argue that this Court's resolution of

5

the Committee's Rule 2004 motion would facilitate that coordination. This argument stretches the Court's language too far. Discovery across all cases and all courts would indeed be "coordinated" (in some sense of the word) if this Court simply stayed all of it. That, however, is not the sort of coordination the Court was recommending. To the extent that the parties in the bankruptcy proceeding are also involved in the PSLRA action, and to the extent that the information provided in the bankruptcy proceeding will eventually be provided in connection with discovery in the PSLRA action, the Court recommends that the parties, amongst themselves, reach agreements to help minimize unnecessary costs and redundancy. Chief Judge Drain has noted that the Committee is willing to enter into confidentiality agreements so that information obtained in Rule 2004 discovery is not used prematurely in the PSLRA action. (Hr'g Tr. 63-63, Mar. 23, 2006.) It seems reasonable that any such agreement could provide for the sharing of information once the time becomes appropriate.

The Committee's Rule 2004 motion is a core bankruptcy proceeding, and neither efficiency nor cost concerns support a usurpation of the bankruptcy court's jurisdiction over the matter. The Underwriter Defendants do not argue that any other Burger Boys factors favor withdrawal[3] (Pl. Mem. 8-9), and therefore the motion for withdrawal will be denied. Discovery in the bankruptcy proceeding will go forward to the extent allowed under the bankruptcy rules. The discovery process will impose costs on the parties involved, and the overseeing of that process will result in the expending of judicial resources. That is not inefficiency; that is the design of our system. A withdrawal of the Committee's motion and a stay of bankruptcy

---

[3] While the Underwriter Defendants claim in a heading that "The Remaining *Burger Boys* Factors Support Withdrawal of the Reference," the actual text of the section argues that the other factors are neutral. (Pl. Mem. 8-9.)

discovery with respect to the Underwriter Defendants would frustrate that design. The PSLRA's stay provision prevents plaintiffs in securities class actions from imposing discovery burdens on defendants prior to a judicial determination that the plaintiffs' claims have a basis in the law. The PSLRA does not, however, build a wall around defendants' documents and officials for all purposes in all other proceedings. The oversight of discovery in the bankruptcy proceeding is a core bankruptcy matter, and the existence of an independent PSLRA action does not require this Court to interfere with the Chief Judge Drain's management of the discovery process in the bankruptcy case before him.

The Underwriter Defendants' motion to withdraw the reference with respect to the Committee's motion under Rule 2004 is denied.

SO ORDERED.

Dated: New York, New York
May 16, 2006

GERARD E. LYNCH
United States District Judge